IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEVIN FRAZIER, Individually, and | § | NO. 5:18-CV-37-DAE |
| On Behalf of All Others Similarly | § | |
| Situated, MANUEL DE LA ROSA, | § | |
| DAVID V. GARZA, RUBEN GARZA, | § | |
| JUAN CARLOS MALDONADO, | § | |
| JOSE A. MALDONADO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| TIERRA LEASE SERVICE, LLC, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING MOTION TO COMPEL
ARBITRATION AND STAYING CASE AS TO PLAINTIFF FRAZIER ONLY

            The matter before the Court is Defendant Tierra Lease Service, LLC's

("Defendant" or "Tierra") Motion to Compel Arbitration and Stay Litigation.

(Dkt. # 9.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for

disposition without a hearing.  After careful consideration of the memoranda in

support of and in opposition to the motion, the Court, for the reasons that follow,

**GRANTS** the motion to compel arbitration and **STAYS** the case as to Plaintiff

Kevin Frazier only.

## BACKGROUND

On January 11, 2018, Plaintiff Kevin Frazier ("Frazier"), individually and on behalf of all others similarly situated, brought this collective action suit in this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331 by filing a complaint against Tierra for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq. (Dkt. # 1.) Tierra is a company that provides lease and oilfield services to the oil and gas industry throughout the state of Texas. (Id. at 4.) Frazier worked for Tierra as a Rig Welder from approximately 2011 through March 2017. (Id.) According to Frazier, Tierra paid Frazier and others similarly situated an hourly wage for all hours worked, but did not pay any overtime compensation at the required rate of time and one-half for all hours worked in excess of forty hours per week. (Id.) Frazier contends that he and the others similarly situated were not exempt from overtime, and thus were denied overtime compensation as required under FLSA. (Id.) Subsequent to Frazier's filing suit, at least five other named plaintiffs have joined in this action. (See Dkts. ## 7, 8, 12, 14.)

On February 16, 2018, Tierra filed a motion to compel arbitration and to stay litigation in this case on the basis that Frazier's claims are subject to mandatory arbitration. (Dkt. # 9.) Frazier filed a response in opposition on

2

February 23, 2018 (Dkt. # 15); Tierra filed a reply on March 2, 2018 (Dkt. # 16).

This motion is discussed below.

## LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).

The Fifth Circuit employs a two-step analysis to determine whether the parties have agreed to arbitrate a dispute. Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008) (citations omitted). First, a court must ask if the parties agreed to arbitrate the dispute. Webb v. Instacorp., Inc., 89 F.3d 252, 258 (5th Cir. 1996). This determination requires consideration of whether a valid agreement to arbitrate exists among the parties and whether the dispute is within the scope of the arbitration agreement. Id. In making this determination, courts should generally apply "ordinary state-law principles that govern the formation of contracts," but must give due regard to the federal policy favoring arbitration and resolve any ambiguities as to the scope of the arbitration clause itself in favor of

arbitration.  Id.  Once a court determines that the parties agreed to arbitrate, the court must assess whether any legal restraints external to the agreement foreclose arbitration of the dispute.  OPE Int'l L.P. v. Chet Morrison Contractors, Inc., 258 F.3d 443, 445–46 (5th Cir. 2001).

## DISCUSSION

Tierra argues that on July 27, 2015, Frazier signed an Independent Contractor's Agreement (the "Agreement") with Tierra that (1) establishes that the parties intended Frazier to perform services as an independent contractor, (2) sets Frazier's compensation, (3) contains other pertinent details of Frazier's independent contractor relationship with Tierra, and (4) includes a provision that mandates arbitration for any controversy between the parties involving the construction or application of the Agreement.  (Dkt. # 9 at 2.)  Thus, according to Tierra, Frazier's FLSA claims in this case are all encompassed within the terms and provisions of the Agreement, such that Frazier's claims must be subject to mandatory arbitration and this case be stayed.[1]  (Id.)

In response, Frazier argues that the arbitration clause in the Agreement is invalid under Texas law for lack of mutuality, it is unconscionable because it purports to give the arbitrator the ability to award Tierra costs even if

---

[1] Tierra's motion only compels arbitration with respect to Frazier, but does not address the other named Plaintiffs in this case.  As such, even if the Court compels Frazier's claims to arbitration, it cannot do so for the other named Plaintiffs.  Therefore, a stay of the entire case would be inappropriate at this time.

4

Frazier prevails, and it contains no severability clause.  (Dkt. # 15.)  Additionally,

Frazier complains that even if the arbitration clause is enforceable, its plain terms

do not require arbitration of collective action FLSA claims.  (Id.)

A. Is there a Valid Agreement to Arbitrate?

        In analyzing whether there is a valid arbitration agreement between

the parties, courts apply state contract law, looking at general contract principles to

determine validity.  Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 431 (5th

Cir. 2004).  There is a "strong presumption in favor of arbitration," and the burden

is on the party challenging the arbitration agreement to show it is invalid.  Carter v.

Countrywide Credit Indus., Inc., 362 F.3d 294, 297 (5th Cir. 2004).  Although a

party may argue a contract was never formed, by signing a contract, he or she is

presumed to have read it and grasped its contents and legal effects.  In re

Prudential Co. of Am., 148 S.W.3d 124, 134 (Tex. 2004); Delfingen US–Texas,

L.P. v. Valenzuela, 407 S.W.3d 791, 801 (Tex. App.—El Paso 2013, no pet.).

        Tierra has submitted to the Court a signed "Independent Contractor's

Agreement" executed by Tierra and Frazier on July 27, 2015.  (Dkt. # 9-1.)  This

Agreement memorializes, among other terms, the parties' agreement to submit to

arbitration "[a]ny controversy between the parties here to involving the

construction or application of any of the terms, covenants, or conditions of this

Agreement" premised "on the written request of one party serviced on the other."[2]
(Id.)  Frazier, however, makes several arguments that the Agreement's arbitration
provision is invalid.

      1.    <u>Illusory</u>

    First, Frazier argues that the arbitration provision in the Agreement is
unenforceable and invalid for lack of mutuality.  (Dkt. # 15 at 2.)  Specifically,
Frazier contends that the arbitration provision is illusory because the Agreement
has a provision entitled "Termination of Agreement" that allows either party to
"terminate this agreement at any time either verbally or in writing."  (<u>Id.</u> at 2–3.)
According to Frazier, this provision makes the Agreement invalid because the
provision allows one party to avoid its promise to arbitrate, amend the provision, or
terminate the Agreement altogether.  (<u>Id.</u> at 2 (quoting <u>Carey v. 24 Hour Fitness,
USA, Inc.</u>, 669 F.3d 202 (5th Cir. 2012)).

    Under Texas law, arbitration agreements, like all other contracts, must
be supported by consideration.  <u>In re Palm Harbor Homes, Inc.</u>, 195 S.W.3d 672,
676 (Tex. 2006) (citation omitted).  "In the context of stand-alone arbitration
agreements, binding promises are required on both sides as they are the only

---

[2] Tierra asserts that its filing of the present motion to compel arbitration fulfills the
Agreement's notice requirement.  (Dkt. # 9.)  Frazier does not indicate that he
opposes such notice in his response to the motion.  (<u>See</u> Dkt. # 15.)  Thus, as long
as the arbitration provision is valid as discussed below, the Court finds notice
sufficient pursuant to the terms of the Agreement.

consideration rendered to create a contract.  But when an arbitration clause is part

of an underlying contract, the rest of the parties' agreement provides the

consideration."  In re AdvancePCS Health L.P., 172 S.W.3d 603, 607 (Tex. 2005)

(citations omitted).  Still, an arbitration clause may be illusory "if one party can

'avoid its promise to arbitrate by amending the provision or terminating it

altogether.'"  Carey, 669 F.3d at 202 (quoting In re 24R, Inc., 324 S.W.3d 564, 567

(Tex. 2010)).  If one party to an arbitration agreement seeks to invoke arbitration to

settle a dispute, and the other party can suddenly change the terms of the

agreement to avoid arbitration, the agreement has been illusory from the outset.  Id.

Here, Frazier focuses on the termination provision, a separate

provision in the Agreement, for his assertion that Tierra may unilaterally terminate

the arbitration provision.  First, the termination provision does not unilaterally give

only one party the right to terminate the Agreement.  Instead, the Agreement's

clear language provides that either party may terminate it at any time.  Second, the

arbitration provision provides for a mutual obligation to arbitrate because it states

that submission to arbitrate is required "on the written request of one party serviced

on the other."  Therefore, there is nothing in the Agreement in support of Frazier's

contention that Tierra retains the unilateral right to terminate the arbitration

agreement at any time.  It is clear that the arbitration and termination provisions

apply equally to both parties.  A mutual agreement to arbitrate claims is sufficient

consideration to support an arbitration agreement.  Lizalde v. Vista Quality Mkts.,
746 F.3d 222, 223 (5th Cir. 2014).

Furthermore, "retaining termination power does not make an
agreement illusory so long as that power 1) extends only to prospective claims,
2) applies equally to both the employer's and employee's claims, and 3) so long as
advance notice to the employee is required before termination is effective."  In re
Halliburton Co., 80 S.W.3d 566, 569–70 (Tex. 2002).  Here, while the
Agreement's termination provision could certainly be more specific, it does meet
the general requirements of the Halliburton test: claims prior to termination do not
appear affected, a termination terminates the rights of both Tierra and Frazier, and
"[e]ither party" must give notice of termination "either verbally or in writing."
(Dkt. # 9-1.)  Thus, Tierra cannot terminate the Agreement to avoid arbitration.
The Agreement is not illusory.

2.      Fees and Costs

Frazier next argues that the Agreement is unconscionable because it
allows Tierra to obtain fees or costs from an arbitration in contravention of the
FLSA.  (Dkt. # 15 at 3.)  According to Frazier, the Agreement allows Tierra the
ability to recover its costs from the arbitrators even if Frazier is the prevailing party
when it states that "[t]he costs of arbitration will be borne in such proportions as
the arbitrators decide."  (Id.; Dkt. # 9-1.)  Frazier argues therefore that the entire

8

Agreement is unconscionable and unenforceable unless the cost provision is severable.  (Id.)  Frazier argues that since there is no savings or severance clause, the arbitration provision in the Agreement is invalidated.  (Id. at 4–5.)

In regard to a FLSA claim, the FLSA generally only allows the recovery of attorney's fees for a prevailing plaintiff, and not a prevailing defendant.  See 29 U.S.C. § 219(b).  However, the conscionability of fee-shifting provisions that allow recovery of costs at arbitration must be considered on a case-by-case basis.  See Carter, 362 F.3d at 300.  Where an arbitration agreement merely grants an arbitrator the authority to award fees subject to the law governing the claims at issue, the arbitrator has no authority to grant an award at arbitration that would not be recoverable at trial.  See Long v. BDP Intern., Inc., 919 F. Supp. 2d 832, 847 (S.D. Tex. 2013) (finding that an arbitrator's ability to award fees afforded by the statutory claim at issue did not allow an employer to collect fees for an arbitrated FLSA claim).

Here, the Agreement allows the arbitrator to award costs depending on the specific claim at issue.  Notably, the arbitration provision is broader than arbitration of only FLSA claims.  In any case, because the FLSA does not allow an award for attorneys' fees if Tierra prevailed at trial (except in the case of bad-faith), the arbitrator has no authority to award Tierra attorneys' fees if Frazier prevails at arbitration.  See 29 U.S.C. § 216(b).  Thus, Frazier has not met his

9

burden in establishing that the Agreement would allow arbitrators to award costs to Tierra even if Frazier was the prevailing party.  The Court finds that the Agreement is not unconscionable.

### 3.    Whether the Arbitration Provision Covers Frazier's Claims

Frazier argues that even if the arbitration provision in the Agreement is valid, its terms plainly do not require the arbitration of this FLSA collective action.  (Dkt. # 15 at 5.)  Frazier contends that the arbitration provision is very narrow and his claims under the FLSA do not involve a controversy over the construction or application of any provision of the Agreement.  (Id.)

Contrary to Frazier's arguments, the Court finds that his FLSA claims against Tierra for overtime pay owed as a result of his employment with Tierra fall clearly within the employment arbitration provision in the Agreement.  Whether Frazier was properly classified as an independent contractor is well within the scope of the arbitration provision as it involves "the construction or application of any of the terms, covenants, or conditions of this Agreement."  (Dkt. # 9-1.) Accordingly, the Court finds that the Agreement is valid and that Frazier agreed to arbitrate his FLSA claims.

B. <u>Are There Legal Restraints to Enforcement of the Agreement?</u>

After determining an arbitration agreement is valid, a court must consider whether any federal policy or statute renders those claims nonarbitrable. <u>JP Morgan Chase & Co. v. Conegie ex rel. Lee</u>, 492 F.3d 596, 598 (5th Cir. 2007). Here, Frazier has not argued that a federal policy or statute renders his FLSA claims nonarbitrable. However, to the extent that he could raise that issue, the Fifth Circuit has held that FLSA claims are subject to arbitration. <u>See</u> <u>Carter v. Countrywide Credit Industries, Inc.</u>, 362 F.3d 294, 298 (5th Cir. 2004). Thus, Frazier has not met his burden to show that the FLSA claims are nonarbitrable.

Accordingly, the Court finds that the parties agreed to arbitrate, the FLSA claims fall within the scope of that agreement, and there is no federal statute or policy rendering these claims nonarbitrable. Thus, the agreement is enforceable and the parties should be compelled to arbitrate. <u>See</u> <u>JP Morgan Chase & Co.</u>, 492 F.3d at 598.

The FAA provides that when a court properly and mandatorily refers claims to arbitration it shall stay the case until arbitration is complete. In this case, while it is clear that Frazier's claims are subject to mandatory arbitration, the Court has no evidence upon which to find that this is true for the other named plaintiffs in this case. Accordingly, the Court may only stay Frazier's claims against Tierra at this time. Should Tierra provide the Court with the same or substantially similar

11

arbitration provisions applicable to the remaining plaintiffs in this case, the Court will consider whether a stay of the entire case is appropriate.  If such agreements exist, Tierra must file them **within twenty-one days of the date of this Order**.  If not, the case will proceed as to the remaining plaintiffs in this case.

<u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS** Tierra's Motion to Compel Arbitration and Stay Litigation, and enters a **STAY** in this case as to Plaintiff Kevin Frazier only.  (Dkt. # 9.)   Tierra may supplement the record in this case as instructed above.

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, March 19, 2018.

David Alan Ezra
Senior United States Distict Judge